IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

       Plaintiff,                    No. CIV S-11-2532 KJM GGH

   vs.

KENNETH KINSER, et al.,          ORDER

       Defendants

/

       Plaintiff has requested his third request for an extension of time in which to file documents relating to his settlement of this case. For the reasons stated below, this request is DENIED.

       On September 26, 2011, plaintiff filed a complaint against Karen Kinser and Kenneth Kinser alleging violations of the Americans With Disabilities Act and California's Disabled Person's Act. ECF No. 1.

       On October 13, 2011, plaintiff filed documents showing that service had been completed on Kenneth Kinser but not on Karen Kinser. ECF Nos. 5, 6.

       On December 5, 2011, the court dismissed Karen Kinser without prejudice on plaintiff's request. ECF Nos. 7, 8.

1    On December 30, 2011, the clerk entered default against defendant Kenneth
2 Kinser on plaintiff's request.  ECF Nos. 9, 10.
3    Thereafter on plaintiff's request, the court reset its scheduling conference date.
4 ECF No. 12.  Shortly after the case was referred to the Honorable Gregory G. Hollows for
5 scheduling, plaintiff filed a motion for a default judgment against Kenneth Kinser, but shortly
6 after that filed a notice that the case had settled.   ECF Nos. 14 & 15.
7    On May 14, 2012, plaintiff filed his first request for additional time in which to
8 file the dispositional documents, explaining only, "Plaintiff and Defendants are in the process of
9 finalizing a settlement agreement and require longer than the 30 day grace period."  ECF No. 17.
10 He does not identify the "defendants" with whom he has settled, despite the fact that the case has
11 been dismissed against Karen Kinser and Kenneth Kinser is in default.  There is no proof of
12 service showing that the unnamed defendants were served with the request, which the court
13 granted nonetheless.
14    Plaintiff filed his second request on June 5, 2012, saying again only, "Plaintiff
15 and Defendants are in the process of finalizing a settlement agreement and require longer than
16 the 30 day grace period."  ECF No. 18.  Once again, the defendants are not identified and there is
17 no indication they were served.  The court nevertheless granted this request as well.  ECF No.
18 19.
19    In his third request, plaintiff now says only, "Plaintiff is having difficulty
20 contacting the Defendants.  Plaintiff requests a third extension for additional time to file
21 dispositional documents in hopes to get the signed settlement agreement and funds on or *[sic]*
22 July 29, 2012."  ECF No. 20.  This request also has not been served on any defendant.
23    Under Local Rule 160(b), the court may extend the period for filing dispositional
24 documents "on good cause shown."   Plaintiff has not met this standard, for he provides virtually
25 no explanation of why the settlement process, which he characterized in May as being on the
26 verge of completion has now broken down.

IT IS THEREFORE ORDERED that

1. Plaintiff's request for an extension of time in which to file dispositional documents (ECF No. 20) is denied; and

2. Plaintiff is hereby ordered to show cause, within seven (7) days of the entry of this order, why this matter should not be dismissed with prejudice for his failure to comply with Local Rule 160 and the court's prior orders approving his own deadlines for the filing of dispositional documents. Local Rule 110. With his response to this order, plaintiff shall confirm that he has provided this order to defendants and file proof of service of this order and his response on defendants.

DATED: July 26, 2012.

_____
UNITED STATES DISTRICT JUDGE